---

Court of Customs and Patent Appeals.
April 4, 1932.

Arthur P. Greeley, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the primary examiner rejecting claims 12, 13, and 16 to 20, inclusive, of appellant's application, filed August 26, 1927.

Claims 12 and 20 are illustrative of the claims in issue, and read as follows:

"12. A support of the kind described, comprising a base, a pocket of flexible material of a size less than that of the base, attached to the base, the superficial area of the pocket being greater than that portion of the base covered by it, and an insertable and removable filling for the pocket."

"20. A support of the kind described, comprising a base, adapted to fit a shoe whereby it is retained permanently in position, a pocket of flexible material whose superficial area is greater than that of the portion of the base covered by it, attached to the upper surface of the base, and insertable and removable strips of material capable of retaining their shape under pressure, arranged in the pocket."

The references relied upon are:
Nathan, 873,775, December 17, 1907.
Block, 1,378,398, May 17, 1921.
McQueeney, 1,546,740, July 21, 1925.
Carling, 1,270,003, June 18, 1918.
The application relates to an arch sup-

port in which a pocket is provided, preferably upon the upper surface of an insole; the upper part of the pocket being of greater area than the portion of the insole covered thereby, thus permitting the insertion of material to support an abnormality of the foot.

In its decision the Board of Appeals said:

"The patent to Carling discloses a similar pocket but we find no statement in the specification of that patent that the area of the upper portion of the pocket is greater than the portion of the base covered by it. It is appellant's view that a patentable distinction exists for this reason. He urges that in inserting the packing material the insole or base portion will be bowed up and that the structure will not appear as in Fig. 2 of this patent. It is our view that in providing pockets of this nature designed for receiving a filling or packing it would be the obvious thing to those skilled in the art to provide a fullness so that the packing material may be properly accommodated. We therefore do not regard this limitation in claim 12 as one involving any patentable distinction.

"The remaining claims on appeal, of which claim 20 is representative, call for a filling material of removable strips. It is old to employ strips of this nature for the same general purpose as shown in the patents to McQueeney or Block. Appellant objects to Block because the strips are placed beneath the insole and in McQueeney the portion which serves as the substantial support is without additional covering. It was urged at the hearing, and is also referred to in the brief, that the structure of Block is very uncomfortable and does not properly conform to the shape of the foot. Appellant has also advanced reasons as to the unsatisfactory character of the structure of McQueeney. It is our view, however, that since Carling clearly discloses a sheet of material attached to the upper side of the sole it would not involve invention to employ strips of filling material such as shown in McQueeney or Block in place of the fibrous filling evidently disclosed in Carling. As previously stated, the provision of the proper fullness we regard as well within the skill of those expert in the art."

We agree with the conclusions of the Board of Appeals for the reasons stated by it.

It appears that two claims, Nos. 14 and 15, were allowed by the primary examiner. The essential difference between said allowed claims and the claims here on appeal lies in an element contained in the allowed claims, reading, in claim 14, as follows: "Means for detachably securing the pocket to the upper surface of the base * * *." While not important in this discussion, it may be noted that in claim 15 this element contains the word "face," instead of the word "surface" as used in the above quotation, this being the only difference. Appellant contends that the allowance of said claims furnishes a reason for the allowance of the claims in issue.

Presumably said claims 14 and 15 were allowed upon the theory that the element therein above quoted made them allowable, and we do not think that appellant, when he secures his patent upon the allowed claims, will admit that the presence of said element does not in itself render the claims patentable over the prior art. Such an admission, if accepted as eliminating said element as a basis of patentability in an infringement suit, would, in our opinion, render necessary a finding that his patent was invalid.

The decision of the Board of Appeals is affirmed.

Affirmed.